UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS BARAJAS CENTENO,<br><br>         Plaintiff,<br><br>v.<br><br>CITY OF CARLSBAD, et al.,<br><br>         Defendants. | Case No.: 19cv2098-L-LL<br><br>**ORDER FOLLOWING SHOW CAUSE HEARING: (1) IMPOSING SANCTIONS; AND (2) SETTING FOLLOW-UP SETTLEMENT CONFERENCE** |

On December 18, 2019, the Court issued an Order to Show Cause as to why sanctions should not be imposed on Plaintiff for Plaintiff's failure to appear in-person at the December 16, 2019 Early Neutral Evaluation ("ENE"). ECF No. 10. On January 9, 2020, the Court held the Show Cause Hearing. ECF No. 18.

After considering the filings submitted by counsel for the Parties ([ECF Nos. 12-15]), the Court concludes that Plaintiff should be sanctioned in the amount, and for the reasons, set forth below.

## **RELEVANT BACKGROUND**

On November 4, 2019, the Court issued a Notice and Order for an Early Neutral Evaluation to be held on December 16, 2019 at 9:30 a.m. ECF No. 3. The ENE Notice required that all parties and the principal attorneys responsible for the litigation attend the ENE.

Specifically, the ENE Notice stated:

> **Personal Appearance of Parties Required**: All parties, adjusters for insured parties, and other representatives of a party having full and complete authority to enter into a binding settlement, and the principal attorneys responsible for the litigation, must be present **in person** and legally and factually prepared to discuss settlement of the case. <u>Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference</u> . . . .
>
> Unless there is good cause, persons required to attend the conference pursuant to this Order shall not be excused from personal attendance. In and of itself, having to travel a long distance to appear in person is not "good cause." **Motions seeking a waiver of the personal appearance requirement must establish good cause and be filed at least seven (7) days prior to the conference.** Failure to appear at the ENE conference will be grounds for sanctions.

<u>Id</u>. at 2.

On December 12, 2019, after reviewing Plaintiff's Confidential Statement, the Court issued an Order denying Plaintiff's request to be excused from appearing in-person at the ENE (to the extent Plaintiff was making such a request). ECF No. 7 at 1. The Court's Order made it clear that Plaintiff was expected to appear in-person. <u>Id.</u>

On December 16, 2019, the Court attempted to convene an ENE as scheduled. ECF No. 8. Plaintiff failed to appear. For these reasons, on December 18, 2019, the Court issued an Order to Show Cause as to why Plaintiff should not be sanctioned. ECF No. 10.

On December 20, 2019, Plaintiff's counsel submitted declarations in response to the Court's Order. ECF Nos. 12-13. On December 23, 2019, Defendant filed a response. ECF No. 14. On December 23, 2019, Plaintiff's counsel filed an amended declaration. ECF No. 15. Plaintiff did not submit a declaration. <u>See</u> Docket.

///

# ANALYSIS

## I. Plaintiff's Failure to Appear

"The authority of a federal court to order attendance of attorneys, [and] parties . . . at settlement conferences and to impose sanctions for disregard of the court's orders is so well established as to be beyond doubt." Chavarria v. Mgmt. & Training Corp., No. 16cv0617-H-RBB, 2016 U.S. Dist. LEXIS 196983, at *12 (S.D. Cal. Aug. 25, 2016) (citation omitted).

Federal Rule of Civil Procedure 16(f) provides that the Court may sanction a party or its attorney if the party "fails to appear at a scheduling or other pretrial conference[.]" Fed. R. Civ. P. 16(f)(1)(A). Similarly, Civil Local Rule 16.1(c)(1)(c) provides that "[s]anctions may be appropriate for an unexcused failure to attend [an ENE conference]." S.D. Cal. Civ. R. 16.1(c)(1)(c).

In his declaration, Plaintiff's counsel, Mr. Genaro Lara, states that Plaintiff met with him in the middle of November 2019. ECF No. 15 at ¶ 5. According to the declaration, at the meeting, Plaintiff stated to Mr. Lara that he was "stressed, fearful, and in extreme fear for his safety" at the hands of Carlsbad police officers. Consequently, Plaintiff informed Mr. Lara that he would take some time to travel to Mexico "to obtain relief from police misconduct[.]" Id. Plaintiff did not provide Mr. Lara with a return date. Id. Although Mr. Lara subsequently left several messages on Plaintiff's phone, Plaintiff still failed to appear at the ENE, and did not return Mr. Lara's calls. Id. at 5.

In a responsive declaration, Defendant's counsel, Mr. Daniel S. Moddaferi, states that upon investigation, he was unable to find any evidence that Plaintiff was being harassed or bothered by Carlsbad police officers following the incident set forth in Plaintiff's Complaint. ECF No. 14 at ¶¶ 7-13.

In this case, counsel for Plaintiff's explanation is not sufficient to persuade the Court that sanctions are not justified. As an initial matter, Plaintiff did not submit a declaration or any other evidence showing that he continued to be harassed by Carlsbad police officers following the incidents set forth in his Complaint. Indeed, Mr. Moddaferi's declaration

suggests that Plaintiff was directly contacting Carlsbad police officers as recently as November 16, 2019. See ECF No. 14 at ¶ 12. Plaintiff also does not provide any explanation for why his counsel was unable to reach him in Mexico or why he did not return Mr. Lara's calls.

In his declaration, Mr. Lara asserts Plaintiff did not "willfully" or "intentionally" disobey the Court's order. ECF No. 15 at ¶ 7. Even if this were true, the Court "need not find bad faith in order to award sanctions pursuant to Rule 16(f)." Chavarria, 2016 U.S. Dist. LEXIS 196983, at *14 (citations omitted). "Rather, the Court may impose sanctions under Rule 16(f) for 'unintentional or negligent noncompliance with the court's pretrial orders." Id.; see also Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc., 275 F.3d 762, 769 (9th Cir. 2001) (District Court did not err in imposing sanctions for unintentional failure to attend mediation session).

Here, the Court is mindful of both: (1) the costs Defendant incurred in having its counsel and representatives appear in-person at the ENE; and (2) the time Plaintiff wasted in failing to appear—time the Court could have used to address other matters on its docket.

Accordingly, the Court finds that the imposition of monetary sanctions is both reasonable and just. The Court **ORDERS** Plaintiff to pay monetary sanctions in the amount of $250.00 to the Miscellaneous Fines, Penalties and Forfeitures, Not Otherwise Classified Fund of the United States Treasury. See Civ. LR 83.1.b. Plaintiff is additionally **ORDERED** through his counsel to file a Notice of Payment of Sanctions to the Court on or before **January 31, 2020**.

**II.    Settlement Conference**

The Court additionally sets a follow-up settlement conference for **February 4, 2020** at **1:30 p.m.**. The Court's requirements regarding the individuals who must be present in-person, Plaintiff's duty to notify, and additional requirements regarding requests to excuse an appearance or to continue a settlement conference remain as set. See ECF No. 3 at ¶¶ 1-3, 5, 7.

In particular, the Court advises Plaintiff (as the Court also did at the January 9, 2020

Show Cause Hearing) that if Plaintiff continues to fail to comply with the Court's Order, the Court may recommend to the District Judge that his case be dismissed. See Fed. R. Civ. P. 41(b) ("[I]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). See Hells Canyon Pres. Council v. United States Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances.") (citing Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("The Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.")).

**IT IS SO ORDERED.**

Dated: January 9, 2020

_____
Honorable Linda Lopez
United States Magistrate Judge