UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS BARAJAS CENTENO,<br><br>                              Plaintiff,<br><br>v.<br><br>CITY OF CARLSBAD, et al.,<br><br>                              Defendants. | Case No.:  19cv2098-L-LL<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL AMENDED RESPONSES**<br><br>**[ECF No. 39]** |

Currently before the Court is Defendants City of Carlsbad ("City") and Jordan Walker ("Walker")'s "Consolidated Motion to Compel Further Responses to Requests for Admissions" ("Mot.") [ECF No. 39] and Plaintiff's Opposition ("Opp.") [ECF No. 41].[1] For the reasons set forth below, the Court **GRANTS** Defendants' Motion.

**RELEVANT BACKGROUND**

On September 16, 2019, Plaintiff filed the instant suit against Defendants City and Walker alleging a violation of his civil rights under state and federal law. See ECF No. 1-2 at 2-7. On November 11, 2019, the suit was subsequently removed by Defendants to Federal Court. See ECF No. 1. Of particular relevance to Defendants' Motion, Plaintiff

---

[1] Plaintiff's counsel separately filed a declaration in support of Plaintiff's Opposition. ECF No. 42.

alleges in his Complaint that he was issued a criminal complaint by Carlsbad police officers falsely accusing him of resisting arrest. ECF No. 1-2 at 4. Plaintiff asserts the criminal case against him was subsequently dismissed on June 27, 2019 in San Diego Superior Court. Id.

## LEGAL STANDARD

The Federal Rules of Civil Procedure authorize parties to obtain discovery regarding any unprivileged matter that is relevant to any claim or defense and proportional to the needs of the case, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

"A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1).

A responding party may object to a request if they state the ground for the objection. Fed. R. Civ. P. 36(a)(5). The requesting party may then seek a decision from the court determining the sufficiency of an answer or objection. Fed. R. Civ. P. 36(a)(6). The court must order that an answer be served unless it finds an objection justified. Id.

## ANALYSIS

The instant motion arises from Plaintiff's Responses to Defendant Walker's RFAs Nos. 1, 3-8, and 10 and Defendant City's RFAs Nos. 1-2, and 4.

**I.   Defendants' Request for Judicial Notice**

As a preliminary matter, Defendants request that the Court take judicial notice of the June 27, 2019 Misdemeanor/Felony Pre-Disposition Minutes in San Diego Superior Court Case No. CN400204.  ECF No. 39-3 at 2, 4. Defendants argue the document is "relevant to defendants' consolidated motion to compel . . . because plaintiff's primary objection to defendant's requests for admission is premised on the dismissal of the criminal charges

against him" which are "reflected" in the June 27, 2019 Minutes. Id. at 2. Plaintiff does not address Defendants' request. See Opp.

Under Federal Rule of Evidence 201(b), a "court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

The Court **GRANTS** Defendants' request. "The existence of court records is a proper subject of judicial notice." Kuba v. Sea World, No. 07cv1274-MMA-POR, 2009 U.S. Dist. LEXIS 145016, at *7 (S.D. Cal. June 5, 2009) (citing United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980)).  The Court is careful to note however that "while the authenticity and existence of a particular order, motion, pleading or judicial proceeding, which is a matter of public record, is judicially noticeable, veracity and validity of its contents (the underlying arguments made by the parties, disputed facts, and conclusions of applicable facts or law) are not." Wallis v. Centennial Ins. Co., 927 F. Supp. 2d 909, 913-14 (E.D. Cal. 2013) (citations omitted); see also Fenton v. Wells Fargo Home Mortg., No. 17-cv-0113 DMS (WVG), 2017 U.S. Dist. LEXIS 56247, at *7 (S.D. Cal. Apr. 12, 2017) ("Judicial notice of court records and other publicly filed records is also routinely granted as to the existence of the documents, but not always as to the truth of matters stated therein.").

II. **Plaintiff's Responses to Defendant Walker's RFAs Nos. 1, 3-8 and 10 and Defendant City's RFAs Nos. 1-2**

Defendant Walker's RFAs Nos. 1, 3-8, and 10 state:

> **Request for Admission No. 1**: Admit that defendant Jordan Walker ("Officer Walker") had reasonable suspicion sufficient to justify detaining you on April 27, 2019.
>
> **Request for Admission No. 3**: Admit that, when Officer Walker attempted to detain you on April 27, 2019, you resisted by attempting to walk away from Officer Walker.

> **Request for Admission No. 4**: Admit that, when Officer Walker attempted to detain you on April 27, 2019, you resisted by attempting to pull one or both of your arms out of Officer Walker's grasp.
>
> **Request for Admission No. 5:** Admit that, when Officer Walker attempted to detain you on April 27, 2019, you failed to obey Officer Walker's command to drop your flashlight.
>
> **Request for Admission No. 6**: Admit that Officer Walker did not use an excessive degree of force when he forced you to the ground on April 27, 2019.
>
> **Request for Admission No. 7**: Admit that, after Officer Walker forced you to the ground on April 27, 2019, you resisted detention by failing to present one or both of your hands for handcuffing.
>
> **Request for Admission No. 8**: Admit that Officer Walker did not use an excessive degree of force when he administered the first of two compliance strikes with his knee to your back on April 27, 2019.
>
> **Request for Admission No. 10**: Admit that Officer Walker had probable cause on which to believe that, on April 27, 2019, you had violated California Penal Code, section 148, in his presence.

ECF No. 39-2 at 12-13.

Defendant City's RFAs Nos. 1-2 state:

> **Request for Admission No. 1**: Admit that [] Carlsbad police officer James Gallivan ("Officer Gallivan") had reasonable suspicion sufficient to justify detaining you on April 27, 2019.
>
> **Request for Admission No. 2**: Admit that Officer Gallivan did not use an excessive degree of force when he forced you to the ground on April 27, 2019.

ECF No. 39-2 at 7.

///

4

Plaintiff responded to each set of Defendants' RFAs with an identical general objection:

> [Defendant's RFAs] are all objectionable under the theory of res judicata. The Superior Court of San Diego County dismissed the charge of Resisting Arrest, Cal. Pen Code 148(a)(1). Case number CN 400204. The Judgment constitutes res judicata as to the actions between Officer Jordan Walker and Jose Luis Barajas Centeno. The criminal adjudication resulted in a judicial finding that Jose Luis Barajas Centeno was not guilty of the crime charged. The status of the case adjudicated resulted in the legal conclusion that Jordan Walker could not even prove probable cause to believe that Plaintiff was guilty of any of the elements of the offense of PC148. Therefore, all of the questions framed from [RFA Nos.] in the requests for admission are improper questions since the matter was adjudicated as to all of the elements raised in each of the requests for admission. In favor of plaintiff, and against the Police Officer J. Walker. Furthermore, for Plaintiff to answer any questions regarding the elements of the crime of resisting arrest would expose him to double jeopardy, prohibited by the U.S. Constitution. There are also the doctrines of collateral estoppel which bar the defendants from raising any issues out of the April 27, 2019, incident. There is also a theory called issue preclusion, which bars the defendants from questioning the plaintiff's actions on April 27, 2019.

ECF No. 39-2 at 16-17, 24-25.

Plaintiff made similar objections to each individual response to Defendant Walker's RFAs Nos. 1, 3-8, and 10 and Defendant City's RFAs Nos. 1-2 citing "res judicata, double jeopardy, collateral estoppel, and issue preclusion" and "the judgment of dismissal of the criminal charge filed by Office Walker against plaintiff" in San Diego Superior Court. See ECF No. 39-2 at 17-18, 25-28.

Defendants argue Plaintiff's objections are improper because "the dismissal of a criminal charge does not have any preclusive effect in a subsequent civil proceeding." Mot. at 2. Specifically, Defendants argue that the doctrines of double jeopardy, collateral estoppel, and res judicata do not apply here. Id. at 6-7. Defendants argue that although

Plaintiff "purported to provide a substantive response" to these RFAs notwithstanding his objections, Plaintiff's responses are nevertheless "so dependent on the legal conclusions asserted in his objections that it does not fairly answer the request[.]" Id. at 5. For these reasons, Defendants request that the Court overrule Plaintiff's objections and compel Plaintiff to provide "proper responses" to Defendant Walker's RFAs Nos. 1, 3-8, and 10 and Defendant City's RFAs Nos. 1-2. Id. at 7.

In his Opposition, Plaintiff argues he is "entitled to rely upon the Superior Court of California judgment of dismissal" under the doctrine of res judicata or the "Full Faith and Credit Clause of the United States Constitution." Opp. at 1-3. Specifically, Plaintiff argues that "[t]he elements of the crime of which Plaintiff was charged by Jordan Walker" have already "been adjudicated in the prior criminal case"—People v. Jose Luis Barajas Centeno, CN40024, in San Diego Superior Court—and the results of the Superior Court proceeding "is a valid judgment entitled to judicial recognition[.]" Id. at 3-4.

### a. **Plaintiff's Objections On The Basis Of Res Judicata (Claim Preclusion) And Collateral Estoppel (Issue Preclusion)**

Under Supreme Court precedent:

> The Full Faith and Credit Act mandates that the "judicial proceedings" of any State "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." 28 U.S.C. § 1738. The Act thus directs all courts to treat a state-court judgment with the same respect that it would receive in the courts of the rendering state. Federal courts may not "employ their own rules . . . in determining the effect of state judgments," but must "accept the rules chosen by the State from which the judgment is taken." Kremer v. Chemical Constr. Corp., 456 U.S. 461, 481-482, 72 L. Ed. 2d 262, 102 S. Ct. 1883 (1982).

Matsushita Elec. Indus. Co. v. Epstein, 516 U.S. 367, 373 (1996).

///

///

///

Under California state law, the doctrine of res judicata has two aspects: claim preclusion and collateral estoppel:

> Claim preclusion, the "primary aspect" of res judicata, acts to bar claims that were, or should have been, advanced in a previous suit involving the same parties. Issue preclusion, the "secondary aspect" historically called collateral estoppel, describes the bar on relitigating issues that were argued and decided in the first suit.

DKN Holdings LLC v. Faerber, 61 Cal. 4th 813, 824 (2015) (citations omitted).

"Claim preclusion arises if a second suit involves (1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit." Id. (citations omitted). "Issue preclusion applies (1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party." Id. at 825 (citations omitted).

Here, Plaintiff has failed to show how these factors are met. From the record, the San Diego Superior Court proceeding did not involve the same causes of action as the instant suit. Indeed, the prior state criminal proceeding and this federal civil proceeding involve two different burdens of proof. In similar cases, California state courts have held that a judgment of acquittal in a criminal prosecution is not a "bar to proof in a civil proceeding that the defendant had in fact committed the acts charged as crimes." Beckner v. Sears, Roebuck & Co., 4 Cal. App. 3d 504, 510 (1970); see Lofthouse v. Dep't of Motor Vehicles, 124 Cal. App. 3d 730, 736 (1981) ("[T]he well-established rule in California is that a prior acquittal in a criminal proceedings does not have res judicata effect in a later civil proceeding or administrative disciplinary proceeding."); Bd. of Educ. v. Calderon, 35 Cal. App. 3d 490, 497 (1973) ("[The estoppel doctrine will not be invoked when matters considered in a criminal trial are sought to be relitigated in a subsequent civil proceeding."); see also Helvering v. Mitchell, 303 U.S. 391, 397 (1938) ("[T]he difference in degree of the burden of proof in criminal and civil cases precludes application of the doctrine of res

judicata.").

There is also no evidence there was a final adjudication of an identical issue actually litigated and necessarily decided in the prior state court proceeding. Instead, Plaintiff's criminal complaint appears to have been dismissed on the prosecutor's motion. ECF No. 39-3 at 4; see Johnson v. Lewis, 120 Cal. App. 4th 443, 456 (2004) ("Neither an acquittal nor the dismissal of the criminal charges collaterally estops defendants from asserting the lawfulness of plaintiff's arrest . . . There was no litigation on the criminal charge. The charge was dismissed at the behest of the prosecutor, citing insufficient evidence. The validity of plaintiff's arrest was neither actually litigated nor necessarily resolved in the criminal court. Consequently, collateral estoppel cannot apply.").

For these reasons, the Court **OVEERRULES** and **STRIKES** Plaintiff's res judicata (claim preclusion) and collateral estoppel (issue preclusion) objections.

To the extent Plaintiff's objections are based on the Full Faith and Credit Clause of the United States Constitution, they are also **OVERRULED** and **STRICKEN**. The Full Faith and Credit Clause of the United States Constitution does not bind federal courts to state court judgments. See Univ. of Tenn. v. Elliott, 478 U.S. 788, 799 (1986) ("The Full Faith and Credit Clause is of course not binding on federal courts[.]"). Rather, the extent to which a state court judgment is binding is governed by the Full Faith and Credit Act, discussed above.

  **b.**   **Plaintiff's Objections On The Basis Of Double Jeopardy**

"The guarantee against double jeopardy protects against[:] (1) a second prosecution for the same offense after acquittal or conviction, and (2) multiple punishments for the same offense." King v. Lizarraga, No. 16-cv-06453-HSG, 2019 U.S. Dist. LEXIS 23747, at *28 (N.D. Cal. Feb. 13, 2019) (citing Witte v. United States, 515 U.S. 389, 395-96 (1995)).

Here, Plaintiff has failed to provide any legal authority showing how the doctrine of double jeopardy is applicable to his discovery objections. See Opp. The double jeopardy clause "prohibits merely punishing twice, or attempting a second time to punish

8

**criminally**, for the same offense." Helvering, 303 U.S. at 399 (emphasis added). The instant case involves "neither two criminal trials nor two criminal punishments." One Lot Emerald Cut Stones & One Ring v. United States, 409 U.S. 232, 235 (1972).

For these reasons, the Court **OVERRULES** and **STRIKES** Plaintiff's double jeopardy objections.

### c. The Adequacy Of Plaintiff's Responses

Defendants request an Order that each matter set forth in Defendant Walker's RFAs Nos. 1, 3-8 and 10 and Defendant City's RFAs Nos. 1-2 be admitted or that an amended answer be served. Mot. at 4.

An order deeming matters admitted is a "severe sanction." Asea, Inc. v. Southern Pacific Transportation Co., 669 F.2d 1242, 1247 (9th Cir. 1981). "Even when a party's answer [fails to comply] with the literal requirements of the Rule, courts generally order an amended answer rather than deem the matter admitted." Id. (citations omitted).

Here, the Court notes Plaintiff did provide responses to each of Defendant Walker's RFAs Nos. 1, 3-8 and 10 and Defendant City's RFAs Nos. 1-2. ECF No. 39-2 at 17-18; 25-28.

As an example, Plaintiff's Response to Defendant City's RFA No. 1 states:

> Plaintiff's Response No. 1: The request for admission is improper based on the foregoing discussion of res judicata, double jeopardy, collateral estoppel, and issue preclusion **Over the objections, Plaintiff responds: "I deny that the police officer who kicked me on April 27, 2019, who I learned later his name to be James Gallivan, had reasonable cause to physically throw me to the ground and to detain me on April 27, 2019." The superior court dismissed on June 27, 2019, the charge of resisting arrest under PC148, filed against plaintiff.**

ECF No. 39-2 at 17 (emphasis added).

More simply put, this is not a case where Plaintiff stood by his objections and refused to answer Defendants' RFAs. Defendants appear to concede this point, but argue that Plaintiff's responses are nevertheless "so dependent on the legal conclusions asserted in

his objections" that they do not fairly answer Defendants' request. Mot. at 5.

Here, the Court finds there is some merit to Defendants' arguments that Plaintiff's narrative responses are too inextricably tied to Plaintiff's improper objections. Importantly, Plaintiff did not address this point in his Opposition, and the Court declines to respond on Plaintiff's behalf. Nevertheless, the Court cautions Defendants that a "Court is ordinarily limited to reviewing the form of an RFA response, and not its substance." In re TFT-LCD (Flat Panel) Antitrust Litig., Nos. M 07-1827 SI, 1827, 2011 U.S. Dist. LEXIS 90730, at *61 (N.D. Cal. Aug. 12, 2011); Fed. R. Civ. P. 37 Advisory Committee Notes ("Rule 36 provides the mechanism whereby a party may obtain from another party in appropriate instances either (1) an[] admission, or (2) a sworn and specific denial, or (3) a sworn statement setting forth in detail the reasons why he cannot truthfully admit or deny. If the party obtains the second or third of these responses, in proper form, **Rule 36 does not provide for a pretrial hearing on whether the response is warranted by the evidence thus far accumulated**.") (emphasis added).

For the reasons stated above, the Court **GRANTS** Defendant's Motion as to Defendant Walker's RFAs Nos. 1, 3-8 and 10 and Defendant City's RFAs Nos. 1-2.

### III. Plaintiff's Response to Defendant City's RFAs No. 4

Defendants also seek an order from the Court compelling Plaintiff to provide an amended response to Defendant City's RFA No. 4.

Defendant City's RFA No. 4 states:

> **Request for Admission No. 4**: Admit that no Carlsbad police officer violated your rights under the Fourth Amendment to the United States Constitution, at any time.

ECF No. 39-2 at 7.

Plaintiff responded:

> I admit that police officers Jordan and James [G]allivan[], violated my rights under the United States Constitution in their excessive force used against me for no reason on April 27, 2019.

ECF No. 39-2 at 18.

Defendants argue Plaintiff's response is "neither a clear, unequivocal admission nor a clear, specific denial of the matter stated." Mot. at 7-8. For these reasons, Defendants request the Court to compel Plaintiff to provide an amended response. Id. at 8. Plaintiff does not address this issue in his Opposition. See Opp.

Federal Rule of Civil Procedure 36(a)(4) provides a party responding to a RFA with four options: (1) admit the matter; (2) deny the matter; (3) qualify admissions or denials; or (4) state that the party lacks sufficient information to admit or deny. See Fed. R. Civ. P. 36(a)(4); see First Am. Title Ins. Co. v. Commerce Assocs., Ltd. Liab. Co., No. 2:15-cv-832-RFB-VCF, 2016 U.S. Dist. LEXIS 30119, at *9 (D. Nev. Mar. 8, 2016).

Here, Plaintiff's response fails to strictly comply with the Federal Rules. Instead, Plaintiff's "admission" conflicts with the substance of his response. Specifically, Plaintiff's response that he "admits" his constitutional rights were "violated" by Officers Jordan and Gallivan appears to be—in substance—a denial of Defendant City's RFA. ECF No. 39-2 at 18. While Defendants' reading may be overly technical, again, Plaintiff did not address this issue in his Opposition. The Court will therefore not speculate as to whether Plaintiff actually intended to admit or deny Defendant City's RFA No. 4.

For the reasons stated above, the Court **GRANTS** Defendant's Motion as to Defendant City's RFA No. 4.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendants' Motion to Compel. Specifically:

1. The Court **OVERRULES** and **STRIKES** Plaintiff's res judicata, collateral estoppel, and double jeopardy objections.

2. The Court **GRANTS** Defendants' Motion to Compel Plaintiff to provide amended responses to Defendant Walker's RFAs Nos. 1, 3-8, and 10 and Defendant City's RFAs Nos. 1-2 and 4. Plaintiff is **ORDERED** to provide amended responses to the above RFAs in light of the Court's Order by **May 11, 2020**.

**IT IS SO ORDERED.**

Dated: April 27, 2020

_____
Honorable Linda Lopez
United States Magistrate Judge