UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS BARAJAS CENTENO,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF CARLSBAD, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 3:19-cv-2098-L-DEB<br><br>**ORDER (1) GRANTING PLAINTIFF'S RULE 56(d) MOTION AND (2) DENYING WITHOUT PREJUDICE DEFENDANTS' SUMMARY JUDGMENT MOTION**<br><br>**[ECF Nos. 94, 86]** |

　　　　Pending before the Court in this action alleging police use of excessive force during arrest in violation of 42 U.S.C. §§ 1983 and 1988, and Cal. Civ. Code § 52.1 is Plaintiff's motion pursuant to Federal Rule of Civil Procedure 56(d) to extend the due date for his opposition to Defendants' pending motion for summary judgment. (Docs. no. 94 and 86, respectively.) Defendants filed an opposition. (Doc. no. 98.) For the reasons which follow, Plaintiff's motion is granted. Defendants' summary judgment motion is denied without prejudice.

　　　　Plaintiff claims Defendants violated his civil rights. (*See* Compl. for Damages (ECF No. 1-2 ("Compl.")).) He alleges he was trying to enter his own car when the police officers approached and used excessive force to arrest him. Plaintiff sustained injuries

which required emergency medical care.  He was charged with resisting arrest but the criminal case against him was voluntarily dismissed for lack of evidence.

Defendants filed a motion for summary judgment arguing, among other things, that City of Carlsbad police officers Jordan Walker and James Gallivan ("Walker" and "Gallivan," respectively) acted with reasonable suspicion when they detained Plaintiff, that they arrested him with probable cause, and did not use excessive force against him. Plaintiff argues he needs additional time to file his opposition because Defendants did not produce the necessary discovery.

Federal Rule of Civil Procedure 56 empowers the Court to enter summary judgment on factually unsupported claims or defenses.  Summary judgment or adjudication of issues is appropriate if depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c)(1).

When, as here, the moving party is requesting summary adjudication of the opposing party's claims, the moving party must support its motion by producing affirmative evidence negating an essential element of the opposing party's case or showing that the opposing party does not have evidence necessary to support its case. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1105-06 (9th Cir. 2000).

If the moving party meets this burden, the opposing party must support its opposition by producing evidence in support its claim. *Nissan Fire & Marine Ins.,* 210 F.3d at 1103.  In this regard, the opposing party must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  Alternatively, if the opposing party shows by declaration "that, for specified reasons, it cannot present facts essential to

/ / / / /

justify its opposition, the court may [¶] defer considering the motion or deny it." Fed. R. Civ. Proc. 56(d).

Defendants' summary judgment motion is based in large part on the opinions of their expert Philip L. Sanchez. (*See* Mem. of P. & A. in Supp. of Defs' Mot. for Summ. J. or, in the Alternative, Partial Summ. J., ECF No. 86-1.) Mr. Sanchez based his opinions in part on the camera recording of the incident made by Walker, and incident reports prepared by Gallivan and Corporal Griggs. (*See* Decl. of Phillip L. Sanchez in Supp. of Defs' Mot. for Summ. J. or, in the Alternative, Partial Summ. J., ECF No. 86-4.) The Gallivan and Griggs incident reports were not made exhibits to Defendants' motion. Although Walker's video recording was made an exhibit (*see* Notice of Lodgment in Supp. of Defs' Mot. for Summ. J. or, in the Alternative, Partial Summ. J., ECF No. 86-3), the compact disc containing the recording was not electronically filed and would have to be separately served on Plaintiff. According to Plaintiff's counsel's declaration filed in support of his Rule 56(d) motion, these documents have not been produced. (*See* Decl. of Counsel in Supp. of Mot. for Additional Time to File Response to Mot. for Summ. J., ECF No. 94.)

In their opposition to Plaintiff's motion, Defendants contend that Walker's video was emailed to Plaintiff's counsel via a DropBox link when the motion was filed; however, counsel was unable to open it. (Decl. of Daniel Modafferi in Supp. of Defs' Opp'n to Pl.'s Ex Parte Motion to Continue the Deadline for Plaintiff to Respond to Defs' Mot. for Summ. J., doc. no. 98-1, at 3-4.) The compact disc with the recording was mailed to Plaintiff's counsel on January 5, 2021, per his request. (*Id.* at 3.) Plaintiff does not contend otherwise.

With regard to the Gallivan and Griggs incident reports, Defendants contend they need not be provided to Plaintiff because Plaintiff did not correctly ask for them in discovery and discovery is now closed. (*Id.* at 2-3, 5.) Plaintiff made a request for production of "all police reports produced by each of the police officers who were present and participated in any professional capacity" in Plaintiff's incident. (*Id.* at 2 (quoting

Plaintiff's request for production).)  However, this request was made on Walker.  (*Id.*) Defendants therefore produced only Walker's report.  In his written responses Walker stated he "was unable to comply with [P]laintiff's request, as responsive items were not in [his] possession, custody, or control." (*Id.*)  He added that "responsive documents were in the possession, custody, and/or control of the City of Carlsbad." (*Id.*)  Plaintiff did not follow up with a request for production of police reports from the City.  (*Id.* at 3.)

The Gallivan and Griggs incident reports are important pieces of evidence bearing on the circumstances of Plaintiff's arrest and use of force against him.  It is "contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of . . . mere technicalities." *Foman v. Davis*, 371 U.S. 178, 181 (1962). Furthermore, summary adjudication is to be granted with caution and a court should deny it "where there is reason to believe that the better course would be to proceed to a full trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  Although Plaintiff does not dispute that his request for production of the incident reports was directed to the wrong party, an error he failed to rectify, the Court declines to consider Defendants' summary judgment motion on the record as presented at this time.

For the foregoing reasons it is ordered as follows:

1. Plaintiff's motion (doc. no. 94) is granted.

2. No later than **January 22, 2021**, Defendants shall produce to Plaintiff the Gallivan and Griggs incident reports.

3. Defendants' summary judgment motion (doc. no. 86) is denied without prejudice and may be renewed.  If Defendants choose to renew their summary judgment

/ / / / /

motion, they must do so no earlier than two weeks after producing the incident reports and no later than **February 22, 2021**.

**IT IS SO ORDERED.**

Dated:  January 14, 2021

_____
Hon. M. James Lorenz
United States District Judge