UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS BARAJAS CENTENO,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF CARLSBAD, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 19-cv-2098-L (DEB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO RESPOND TO DISCOVERY REQUESTS**<br><br>**[DKT. NO. 115]** |

Before the Court is Plaintiff's "Motion to Compel Defendants to Respond to Discovery Requests and to Obey Subpoenas." Dkt. No. 115. Although stylized as a motion to compel, Plaintiff's Motion more accurately requests the Court to re-open fact and expert discovery for Plaintiff to obtain discovery from Defendant the City of Carlsbad (the "City"), Defendants City of Carlsbad Police Officers Jordan Walker and James Gallivan, Defendants' designated expert, City of Carlsbad Chief of Police Neil Gallucci, and City of Carlsbad Mayor Matt Hall. *Id.* Defendants agree to reopen discovery for the limited purpose of allowing Plaintiff to take discovery relevant to his claims against Officer Gallivan (who was recently added to the case) but otherwise oppose the Motion. Dkt. No. 117. Plaintiff replied to Defendants' opposition. Dkt. No. 120. For the reasons

discussed below, the Court GRANTS Plaintiff leave to propound discovery requests to Officer Gallivan and DENIES the Motion in all other respects.

## I. Relevant Factual and Procedural Background

On September 30, 2019, Plaintiff filed this case in San Diego Superior Court. Dkt. No. 1-2. Plaintiff sued Officer Walker and the City under 42 U.S.C. § 1983. *Id.* On November 1, 2019, Defendants removed the case to this Court. Dkt. No. 1. Discovery opened on November 15, 2019, following counsels' Fed. R. Civ. P. 26(f) conference. Dkt. No. 117-1 at 2, ¶ 4.[1] Except for a brief discovery hiatus from February 4 to March 9, 2020 due to the parties' tentative settlement, the parties had eight and a half months (from November 15, 2019 to July 31, 2020) to complete fact discovery followed by almost four months (until November 23, 2020) for expert discovery. Dkt. No. 33.[2]

While fact discovery was open, Plaintiff propounded: two sets of requests for production each to the City and Officer Walker (four sets total); twenty-five interrogatories each to the City and Officer Walker; and twenty-five requests for admission to Officer Walker. Dkt. No. 117-1 at 2, ¶ 5, at 3, ¶ 10. On July 27, 2020, the Court granted the parties' joint motion to extend the July 28, 2020 fact discovery deadline until August 7, 2020 to complete Plaintiff's deposition. Dkt. No. 50. Although Plaintiff took no depositions, Plaintiff's counsel attended and asked questions at all five depositions noticed by Defendants. Dkt. No. 117-1 at 3, ¶ 11. Plaintiff did not serve any discovery directed to Defendants' expert witness, retired Pasadena Police Chief Phillip L. Sanchez. *Id.* at 3, ¶ 14. On November 23, 2020, expert discovery closed. Dkt. No. 33.

Plaintiff sought the Court's intervention on several discovery issues as the case progressed. As described more fully in the May 18, 2021 Order Denying Sanctions, which

---

[1] The Court's citations to the docket refer to the page numbers assigned by the Court's CM-ECF system.

[2] On March 9, 2020, Magistrate Judge Linda Lopez reissued the discovery deadlines after the parties were unable to finalize their tentative settlement. Dkt. No. 33.

the Court incorporates by reference, Plaintiff's concerns that Defendants improperly withheld video footage identified in their Fed. R. Civ. P 26 disclosures (the arresting officers' body worn camera ("BWC") recordings and third-party security camera footage) were addressed by Magistrate Judge Linda Lopez's Chambers and Defendants produced copies of these recordings on May 28, 2020. Dkt. No. 130 at 2-3.

On July 22, 2020, counsel for the parties contacted the Court's chambers regarding disputes that arose during Plaintiff's deposition. Dkt. No. 49 at 2. On July 23, 2020, upon the parties' joint request, the Court extended the fact discovery deadline to August 7, 2020 to complete Plaintiff's deposition. *Id.* at 3.

On August 14, 2020, the Court held a Discovery Conference after Defendants did not produce chain of custody documentation for the video recordings Plaintiff claims are altered. Dkt. No. 56. Defendants produced the chain of custody documentation later that day. Dkt. No. 67-1 at 6, ¶ 25, pp. 73–109 (Ex. N).

On October 5, 2020, the Court held a Discovery Conference to address Plaintiff's request to re-open fact discovery to conduct discovery directed to his video tampering allegations. The Court set deadlines for Plaintiff to file: (1) a motion to reopen discovery; and (2) a motion for sanctions for Defendants' alleged delayed production of the BWC recordings, alteration of the video recordings, and service of an expert report that does not comply with Rule 26(a)(2). Dkt. No. 64.

On October 22, 2020, Plaintiff filed a Motion for Sanctions and a Motion for Time to Conduct Discovery. Dkt. Nos. 66, 66-2.[3] Plaintiff's Motion for Time to Conduct Discovery requested a ninety-day extension of the fact discovery cut-off for Plaintiff to conduct discovery regarding whether Defendants altered video footage of the subject incident prior to producing it on May 28, 2020. Dkt. No. 66-2.

---

[3] Plaintiff's Motion for Time to Conduct Discovery was misfiled as an attachment to Plaintiff's Motion for Sanctions Against Defendants and Defendants' Counsel. Dkt. No. 66-2.

On November 21, 2020, Plaintiff filed a Motion for Order to Compel Defendants to Pay Expert's Deposition, Transcripts, and Spanish/English Translators, and Expert's Travel Time. Dkt. No. 73.

On December 22, 2020, the Court issued an Order denying both Plaintiff's Motion for Time to Conduct Discovery and Plaintiff's Motion for Order to Compel Defendants to Pay Expert's Deposition, Transcripts, and Spanish/English Translators, and Expert's Travel Time. Dkt. No. 87. The Court ruled Plaintiff's Motion for Time to Conduct Discovery was not supported by good cause. *Id.* at 2 ("Plaintiff fails to identify the additional discovery he seeks and provides no explanation for why he waited until October to seek relief from a deadline that passed in July."). The Court denied Motion for Order to Compel Defendants to Pay Expert's Deposition, Transcripts, and Spanish/English Translators, and Expert's Travel Time as moot. *Id.* at 2–3 ("Plaintiff has not noticed Chief Sanchez's deposition and the deadline to take expert discovery passed on November 23, 2020.").

On January 8, 2021, Plaintiff filed a motion under Fed. R. Civ. P. 56(d) in response to Defendants' pending motion for summary judgment. Dkt. No. 94. On January 14, 2021, the Court granted the motion and ordered Defendants to produce incident reports prepared by Officer Gallivan and City of Carlsbad Police Officer Griggs. Dkt. No. 99.

On January 26, 2021, the Court granted in part Plaintiff's Motion for Leave to File a First Amended Complaint, allowing Plaintiff to add Officer Gallivan to the existing claims and add a malicious prosecution claim against all Defendants. Dkt. No. 102. The Court denied Plaintiff's request to add Chief Gallucci to the case because the proposed claim against him duplicated the *Monell* claim already pending against the City. *Id.* On January 29, 2021, Plaintiff filed his First Amended Complaint. Dkt. No. 104.

On March 5, 2021, the Court held a Discovery Conference to address Plaintiff's request to conduct discovery on the First Amended Complaint. Dkt. No. 113. The Court directed Plaintiff to serve "full and complete proposed discovery requests" for the discovery he seeks and ordered Defendants to reply whether they would respond to the

requests. *Id.* The Court also granted Plaintiff leave to file this Motion after the December 21, 2020 motion filing deadline. *Id.*

Between March 8 and 10, 2021, Plaintiff served the discovery requests at issue in this Motion. Dkt. No. 115 at 29–54. Defendants agreed to respond to Plaintiff's requests for admission and interrogatories served on Officer Gallivan but objected to the other requests. Dkt. No. 117-1 at 4, ¶¶ 18–19, pp. 7–10 (Ex. A). This Motion followed. Dkt. No. 115.

## II.  Legal Standards

A request to modify the scheduling order under Rule 16 requires a showing of good cause. Fed. R. Civ. P. 16 (b)(4); *see also* Dkt. No. 11 at 7 (stating the dates set forth in the Scheduling Order Regulating Discovery and Other Pretrial Proceedings "will not be modified except for good cause shown"). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The "good cause" standard also applies to requests to reopen discovery. *See, e.g.*, *Sheridan v. Reinke*, 611 F. App'x 381, 384 (9th Cir. 2015) (applying *Johnson* "good cause" requirement to motions to reopen discovery).

When a discovery deadline has passed, the party seeking relief from the deadline must demonstrate both good cause and excusable neglect. Fed. R. Civ. P. 6(b)(1)(B) (stating "the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect."); *see also Clay v. Cytosport, Inc.*, 15-cv-0165-L(DHB), 2016 WL 11523615 at *5 (S.D. Cal. Oct. 19, 2016) (considering a motion to re-open discovery under Rule 6(b)(1)(B)).

## III.  Discussion

Plaintiff's Motion requests the Court compel responses from Officer Gallivan, Officer Walker, the City, Chief Gallucci, Mayor Hall, and Sanchez (Defendants' designated expert witness) to discovery requests that Plaintiff served in March 2021, well past the applicable discovery deadlines. Dkt. No. 115 at 29–54. Plaintiff argues the Court

should allow his belated discovery requests because the January 29, 2021 First Amended Complaint added a new party (Officer Gallivan) and, he asserts, a new *Monell* claim against the City. *Id.* at 1–3. Plaintiff also argues the belated discovery is warranted because Defendants altered certain videos and he has questions about Sanchez's qualifications and opinions. *Id.* at 3–8.

### A. Plaintiff's Requests for Admission and Interrogatories to Officer Gallivan

On or around February 10, 2021 and March 10, 2021, Plaintiff propounded requests for admissions and interrogatories on Officer Gallivan. Dkt. No. 115 at 8, 29–31. "Defendants have agreed . . . Officer Gallivan will respond to [P]laintiff's written discovery requests." Dkt. No. 117 at 2. The Court, therefore, GRANTS Plaintiff's request to reopen discovery to compel responses from Officer Gallivan as both appropriate (because he is new to the case) and unopposed.

### B. Plaintiff's Interrogatories to Officer Walker

While discovery was open, Plaintiff propounded on Officer Walker: (1) twenty-five interrogatories; (2) twenty-five requests for admission; and (3) two sets of requests for production of documents. Dkt. No. 117-1 at 2, ¶ 5, *id.* at 3, ¶ 10. Plaintiff now claims Officer Walker should respond to twenty-five additional interrogatories because "Walker . . . [was] a joint participant in the constitutional torts committed with the new party defendant, James Gallivan." Dkt. No. 115 at 2.

Officer Walker and Officer Gallivan's shared role in Plaintiff's arrest has been at issue since the September 30, 2019 initial Complaint. Dkt. No. 1-2. Plaintiff's proposed additional interrogatories are directed to Officer Walker's role in the events at issue, which Plaintiff could (and should) have propounded before fact discovery expired.[4] *See, e.g.*, Dkt. No. 115 at 48–49 (Proposed Interrogatory No. 1, asks where Officer Walker saw Plaintiff

---

[4] Plaintiff submitted seventeen proposed interrogatories (Nos. 1-3 and 17-25) for the Court's consideration. Dkt. No. 115 at 48–49.

standing when he first encountered him on April 27, 2019; Proposed Interrogatory No. 2, asks why Officer Walker decided to handcuff Plaintiff; Proposed Interrogatory No. 17 asks to "[s]tate the date when you successfully completed Carlsbad Police Department approved training for the use of force"; Proposed Interrogatory No. 25 asks "When you are ordered to testify at the federal court trial, do you intend to repeat the lie that you kicked Mr. Centeno one time or will you tell the jury the truth?"). The Court, therefore, finds Plaintiff was not diligent in his efforts to request discovery from Officer Walker and, because he was not diligent, he has not established good cause to reopen discovery. *Johnson,* 975 F.2d at 609 (When making a "good cause" evaluation under Rule 16(b), if the party seeking modification of the scheduling order "was not diligent, the inquiry should end.").[5]

**C. Plaintiff's Discovery to the City, Chief Gallucci, and Mayor Hall**

Plaintiff argues the Court should compel responses to his new discovery requests served on the City, Chief Gallucci, and Mayor Hall because they relate to *Monell* claims Plaintiff introduced in his First Amended Complaint (Dkt. No. 115 at 2, 10–14) and Plaintiff's video tampering allegations (*id.* at 14).

Contrary to Plaintiff's argument, the *Monell* claim is not new; it has been in the case since its inception. *See* Dkt. Nos. 1-2, 102 at 5:17–6:5 (order denying Plaintiff's request to add Chief Gallucci under a *Monell* theory because "[t]he operative complaint already contains a *Monell* claim against the City"). Plaintiff could (and should) have conducted discovery on this claim during the eight and a half months fact discovery was open. Thus, no good cause supports reopening discovery on Plaintiff's *Monell* claim.

Plaintiff also seeks to subpoena information from Chief Gallucci regarding "the identities of persons who participated in the preparation, editing and production of four

---

[5] Plaintiff does not argue his request to re-open discovery meets Rule 6(b)(1)(B)'s excusable neglect requirement; however, the Court need not proceed to this inquiry where Plaintiff has not shown good cause. *See* Fed. R. Civ. P. 6(b)(1)(B) (requiring good cause and excusable neglect to extend a deadline that has passed).

items of discovery, CBD0028, through CBD0031, contained in the May 28, 2020 discovery package." Dkt. No. 115 at 14. This refers to Plaintiff's unsupported video alteration allegation the Court discussed in the Order Denying Plaintiff's Motion for Sanctions. Dkt. No. 130.[6]

Plaintiff received the videos in question on May 28, 2020. Dkt. No. 67-1 at 5, ¶ 20, p. 39 (Ex. H). On June 1, 2020, Plaintiff's counsel raised concerns about the integrity of these videos. *Id.* at 5, ¶ 21, pp. 41–42 (Ex. I) (raising concerns that videos appear to be altered because: (1) officers are not identified by name on BWC recordings; (2) some BWC recordings reflect an April 28, 2019 date, whereas the subject incident occurred the prior day; (3) poor sound quality; and (4) CBD0028–31 are four separate video clips from the same camera). Plaintiff had time to take discovery on the integrity of the videos before the July 31, 2020 fact discovery cut-off, and he did so. On June 20, 2020, after receiving defense counsel's June 5, 2020 letter denying any evidence tampering (*id.* at 5, ¶ 22, pp. 45–46 (Ex. J)), Plaintiff propounded interrogatories and requests for production on this issue (*id.* at 5–6, ¶¶ 21–23, pp. 48–51 (Ex. K) and 54–57 (Ex. L)). The City provided a written response under oath denying the alleged video alteration but objected to producing chain of custody documentation. *Id.* at 6, ¶ 24, pp. 59–71 (Ex. M). Plaintiff then brought the issue to the Court, which held a Discovery Conference on August 14, 2020. Dkt. No. 54. Following that conference, the City produced the chain of custody documentation for the videos. Dkt. No. 67-1 at 6, ¶ 25, pp. 73–109 (Ex. N). Plaintiff propounded no additional discovery on this issue.

Plaintiff's tampering allegations are not new, and Plaintiff offers no explanation for not seeking additional discovery on this issue when discovery was open or for waiting

---

[6] As explained in the Order Denying Plaintiff's Motion for Sanctions, Plaintiff's allegations that Defendants altered video evidence are unsubstantiated. Dkt. No. 130 at 5–6. Nevertheless, as discussed below, Plaintiff had the opportunity to take discovery on the authenticity and integrity of the videos.

seven months after the fact discovery cut-off (until March 2021) to seek relief from the deadline. The Court, therefore, finds Plaintiff has neither acted diligently nor established good cause to reopen discovery on this issue.

### D. Plaintiff's Discovery Requests to Defendants' Expert Witness Sanchez

Plaintiff seeks to reopen expert discovery for the requests for admission (Dkt. No. 115 at 37–38) and document subpoena (*id.* at 39–42) he served on Defendants' expert witness Sanchez. Plaintiff argues the Court should allow this belated discovery because Defendants' October 13, 2020 disclosure of Sanchez "left many questions unanswered and placed the quality of his analysis in doubt and therefore the conclusions of his findings are defective, inconclusive and unreliable." Dkt. No. 115 at 14. When Defendants served Sanchez's report on October 13, 2020, Plaintiff had nearly six weeks (i.e., until the November 23, 2020 expert discovery cut-off) to depose Sanchez or otherwise take discovery on his opinions. Dkt. No. 67-1 at 6–7, ¶ 27, pp. 131–129 (Ex. P). Plaintiff propounded no discovery regarding Sanchez until he propounded the subject discovery requests in March 2021.

Plaintiff offers no justification for his failure to conduct this discovery or seek relief the November 23, 2020 deadline earlier. The Court, therefore, finds Plaintiff has not proceeded diligently and has not established good cause.

//
//
//
//
//
//
//
//
//
//

### IV. Conclusion

Based on the foregoing, Plaintiff's Motion is GRANTED in part and DENIED in part. Plaintiff is relieved from the July 31, 2021 fact discovery deadline for the interrogatories and requests for admission served on Officer Gallivan, who was added to this case in Plaintiff's First Amended Complaint. Plaintiff's Motion is denied as to his request to reopen discovery on Officer Walker, Chief Gallucci, Mayor Hall, and Defendants' expert Sanchez.

**IT IS SO ORDERED**.

Dated: June 11, 2021

Honorable Daniel E. Butcher
United States Magistrate Judge