UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTENO,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF CARLSBAD, et al.<br><br>　　　　　　　　　　　Defendants. | Case No.: 3:19-cv-2098-L-DEB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT [ECF 139]** |

Pending before the Court is Plaintiff's motion for leave to file a second amended complaint. Defendants opposed, and Plaintiff replied. The Court decides the matter without oral argument. Civ. L. R. 7.1. For the reasons stated below, the Court **DENIES** the motion.

The Court set March 30, 2020, as the deadline to file motions to amend. (ECF 33). Plaintiff filed the current motion on June 18, 2021, almost 15 months after the deadline. (ECF 139). He must therefore show "good cause" to amend the scheduling order. *See* Fed. R. Civ. P. 16; *Johnson v. Mammoth Recreations*, 975 F.2d 604, 608 (9th Cir. 1992).

"Good cause" exists if a party can demonstrate the schedule could not have been met despite their diligence. *Johnson*, 975 F.2d at 609. A court must consider "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946,

953 (9th Cir. 2006) (internal quotations omitted). "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609.

Plaintiff seeks leave to add an Americans with Disabilities Act claim against Defendants. (ECF 139). The proposed claim relates to the same April 27, 2019, police incident at issue in this excessive force lawsuit. *Id*. There is no doubt Plaintiff knew about the facts that support the ADA claim (*e.g.*, the officers' conduct during the arrest and his disability) long before the deadline in the scheduling order. And ignorance about the law, carelessness, or inaction does not show "good cause."[1] *Johnson*, 975 F.2d at 609.

Plaintiff failed meet his burden. The Court therefore **DENIES** his motion. *See Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("if the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted.") (internal quotation marks and citation omitted).

**IT IS SO ORDERED**.

Dated:  September 15, 2021

_____
Hon. M. James Lorenz
United States District Judge

---

[1] Plaintiff relies on his counsel's recent research on Ninth Circuit law that supports an ADA claim in the arrest context.