UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTENO,<br><br>  Plaintiff,<br><br>v.<br><br>CITY OF CARLSBAD, et al.<br><br>  Defendants. | Case No.: 3:19-cv-2098-L-DEB<br><br>**ORDER OVERRULING PLAINTIFF'S OBJECTION TO MAGISTRATE ORDER [ECF 153]** |

Pending before the Court in this civil rights action is an objection to Magistrate Judge Butcher's order that imposed sanctions on Plaintiff's counsel, Genaro Lara. (ECFs 149 and 153). The Court decides the matter without oral argument. Civ. L. R. 7.1.

Under Federal Rule of Civil Procedure ("Rule") 72, the Court must "modify or set aside any part of [a magistrate judge's order] that is clearly erroneous or is contrary to the law." Fed. R. Civ. P. 72; *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991).

Judge Butcher imposed sanctions against Mr. Lara for his misconduct in this case, including telling opposing counsel that their conduct was indicative of their "nature of origin" and "low class." (ECF 149). He also compared opposing counsel to a Nazi. *Id*.

Mr. Lara argues Judge Butcher lack jurisdiction, he did not receive adequate notice, and it was improper to impose sanctions against him. (ECF 153). Mr. Lara failed to meet the Rule 72 standard.

First, Judge Butcher had the power to impose sanctions against him. Civ. L. R. 2.1(a) ("the Court may take any appropriate measure to address violations, including, without limitation, as set forth in Civ. L. R. 2.2."); Civ. L. R. 1.1 ("'Court' includes the . . . magistrate judge to whom a civil or criminal action, proceeding, case or matter has been assigned."); Civ. L. R. 2.2(a) ("in the event any attorney engages in conduct which may warrant discipline or other sanctions, the Court . . . may . . . [impose] [] appropriate sanctions."); Civ. L. R. 83.1; *Zambrano v. City of Tustin*, 885 F.2d 1473, 1477-78 (9th Cir. 1989).

Judge Butcher also provided him with notice and an opportunity to be heard on the issue. (*See* ECF 70, Order to Show Cause; ECF 88, Mr. Lara's Response to OSC; ECFs 96 and 103, Minute Entries on Hearings; ECF 149, Order on Sanctions). The OSC included the misconduct. (ECF 70). Judge Butcher cited the Court's inherent power to impose sanctions and specific local rules that authorize it. (ECFs 84 and 97); *see In re DeVille*, 361 F.3d 539, 548 (9th Cir. 2004).

And the Order contained the required factual determinations. *See Zambrano*, 885 F.2d at 1480; *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001). Mr. Lara failed to show the decision was "clearly erroneous" or "contrary to the law." The sanction ($1,000) was appropriate, reasonable, and proportionate. The Court **OVERRULES** the objection.[1]

**IT IS SO ORDERED**.

Dated:  September 17, 2021

Hon. M. James Lorenz
United States District Judge

---

[1] The Court denies the request for a stay to seek appellate review. There is also no reason for Judge Butcher to recuse from this case.