UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CENTENO, | | Case No.: 3:19-cv-2098-L-DEB |
| | Plaintiff, | |
| v. | | **ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF 168)** |
| CITY OF CARLSBAD, et al. | | |
| | Defendants. | |

Pending before the Court is Plaintiff's motion for reconsideration. (ECF 168). The Court decides the matter on the papers submitted without oral argument. *See* Civ. L. R. 7.1. For the reasons stated below, the Court **DENIES** the motion.

Plaintiff filed an objection to Magistrate Judge Butcher's order that denied his motion for sanctions. (ECF 135). The motion was related to Plaintiff's assertion that Defendants altered video evidence. The Court overruled the objection as it was untimely. (ECF 167); Fed. R. Civ. P. 72(a); *see, e.g., Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996) ("a party who fails to file timely objections to a magistrate judge's non-dispositive order with the district judge to whom the case is assigned forfeits its right to appellate review of that order.") The Court also determined Plaintiff failed to show Judge Butcher made a legal or factual error. (ECF 167). Plaintiff now seeks to alter that order. (ECF 168).

Plaintiff contends the Court made an error when it calculated the deadline to file an objection. The Court disagrees.

Judge Butcher issued the order on May 18. (ECF 130). Plaintiff had 14 days to file an objection. Fed. R. Civ. P. 72 ("a party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to."); *see also* Fed. R. Civ. P. 6(a). Yet, he did not file the objection until June 7. (ECF 135).

That Plaintiff's counsel was unavailable from May 19 to June 2 did not alter the deadline under Rule 72. More importantly, Judge Butcher issued the order before that time. (*See* ECF 130).[1] And Plaintiff never sought to extend the deadline (either before or after it expired). *See* Fed. R. Civ. P. 6(b).[2]

Even so, the Court determined there was no evidence to support Plaintiff's assertion that Defendants altered the video evidence. Plaintiff overall failed to show Judge Butcher made a legal or factual error.

For the reasons stated above, there is no reason to alter or amend the order. *See* Fed. R. Civ. P. 60. The Court therefore **DENIES** the motion for reconsideration.

**IT IS SO ORDERED**.

Dated:  September 30, 2021

Hon. M. James Lorenz
United States District Judge

---

[1] Plaintiff also did not file the objection until 5 days after his counsel returned from the trip. (*See* ECFs 123 and 135).

[2] Plaintiff argues Defendants acted in bad faith when they filed their opposition to his summary judgment motion on August 20, when Plaintiff's counsel was also unavailable. (ECF 168). Although that assertion is irrelevant to the reconsideration motion, the Court notes it set that deadline in an amended scheduling order that was issued on July 23, over a week before Plaintiff's counsel was on a planned trip. (ECF 157).