UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTENO,<br><br>            Plaintiff,<br><br>v.<br><br>CITY OF CARLSBAD, et al.<br><br>            Defendants. | Case No.: 3:19-cv-2098-L-DEB<br><br>**ORDER SUSTAINING DEFENDANTS' OBJECTION [ECF 132] AND AWARDING DEFENDANTS REASONABLE EXPENSES UNDER RULE 37** |

Pending before the Court in this civil rights action is Defendants' objection to the Magistrate Judge's order that denied Plaintiff's discovery motion. (ECF 130).

Under Federal Rule of Civil Procedure ("Rule") 72, the Court must "modify or set aside . . . [a magistrate judge's order] that . . . is contrary to law." Fed. R. Civ. P. 72; *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991).

Here, the Magistrate Judge denied Plaintiff's discovery motion. (ECF 130). The Judge determined Defendants complied with the Rules and the record did not show they tampered with video evidence. *Id*. Defendants requested reasonable expenses under Rule 37. (ECFs 67 and 130). The request was denied. (ECF 130). Defendants then filed an objection to that denial. (ECF 132).

Under Rule 37(a), when a discovery motion is denied, "the court . . . *must* [award] . . . reasonable expenses incurred in opposing the motion, including attorney's fees." Fed.

1  R. Civ. P. 37 (emphasis added).[1] "But the court must not [award expenses] if the motion
2  was substantially justified or other circumstances make an award . . . unjust." *Id.*

3        Defendants submitted a declaration from counsel about the hours spent on the
4  opposition to Plaintiff's motion and a reasonable per hour rate. (ECF 67). But the record
5  did not show what Defendants paid their counsel (or were obligated to pay). That is, it did
6  not indicate what expenses Defendants "incurred." (ECF 130 at 9) (noting there were
7  "insufficient [records] to establish what, if any, expenses Defendants incurred in
8  responding to [the] motion.") For that reason, the Magistrate Judge denied Defendants'
9  request. *Id.*

10        Defendants argue the lodestar method should be used to calculate awards under
11  Rule 37 when an individual is represented through counsel (*i.e.*, there was no need to
12  show what they paid or owed). (ECF 132). The Court agrees. *See, e.g., In re Yagman*, 796
13  F.2d 1165, 1185 (9th Cir. 1986) (noting in the Rule 11 context that "the measure to be
14  used is not actual expenses and fees but those the court determines to be reasonable.")
15  (internal quotation marks and citation omitted); *see, e.g., Zuniga v. United Can Co.*, 812
16  F.2d 443, 453 (9th Cir. 1987) ("the amount of attorney fees actually paid is not one of the
17  factors to be specifically considered in the balancing process required in a determination
18  of reasonable attorney fees."); *Gotro v. R & B Realty Grp.*, 69 F.3d 1485, 1488 (9th Cir.
19  1995) ("incurred" language under removal statute did "not limit the district court's
20  discretion to award attorneys' fees to a contingency fee litigant."); *Roush v. Berosini*, 66
21  F. App'x 725, 726 (9th Cir. 2003) ("we [] reject the argument that the court could not
22  award fees under Rule 37(a) because [the party] was not legally obligated to pay her
23  attorneys. The fees were 'incurred' by the attorneys whether [the party] or her former
24  employer would be required to pay them."); *Centennial Archaeology, Inc. v. Aecom, Inc.*,
25  688 F.3d 673, 678-680 (10th Cir. 2012) (analyzing "incurred" language under Rule 37);

---

[1] Plaintiff did not raise an argument that Rule 37(a) is the incorrect subsection at issue. (*See* Docket; ECF 130 at 8:13-21).

*Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986) ("determination of a reasonable hourly rate is not made by reference to rates actually charged.")[2]

Otherwise, litigants that engage in abusive practices could avoid sanctions under Rule 37 if opposing counsel does not charge per hour (*e.g.*, contingencies/fixed rate) or at all (*e.g.*, pro bono). *See Centennial Archaeology, Inc.*, 688 F.3d at 680 ("the purpose of Rule 37 attorney-fee sanctions would be thwarted if a party could escape the sanction whenever opposing counsel's compensation is unaffected by the abuse, as when the fee arrangement is a contingency fee or, as here, a flat rate."); *see also* Fed. R. Civ. P. 37, Notes of Advisory Committee on Rules 1970 Amendment ("the rules should deter the abuse implicit in carrying or forcing a discovery dispute to court when no genuine dispute exists.")

The Court therefore sustains the objection and modifies the order. Defendants are entitled to reasonable expenses (including fees).[3]

The Court must next determine the amount to award. To do that, it will use the lodestar method: a reasonable time spent on the matter times a reasonable rate. *See Chalmers*, 796 F.2d at 1210; *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).

***Reasonable Rate***

The Court should consider the local rate for an attorney with the skill, experience, and reputation required to perform the litigation. *Camacho*, 523 F.3d at 979; *Fischer v. SJB—P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). Defendants contend $475 an hour is reasonable based on their counsel's experience. (ECFs 67 and 132). He has defended

---

[2] The amount charged, however, is relevant as to what is a reasonable fee. *See, e.g., Zuniga*, 812 F.2d at 453.

[3] The issue before the Court is limited to whether Defendants supported their request for expenses and, if so, what amount to award. (*See* ECFs 130 and 132). But the Court notes Plaintiff's motion had no merit. *See, e.g.*, *Reygo Pac. Corp. v. Johnston Pump Co.*, 680 F.2d 647, 649 (9th Cir. 1982) ("a request for discovery is 'substantially justified' under the rule if reasonable people could differ as to whether the party requested must comply.") An award is justified under the circumstances. *See* Fed. R. Civ. P. 37(a).

public entities and police officers in civil rights lawsuits for about seven years. *Id*. Defendants did not submit adequate support for that conclusion (*e.g.*, rate determinations in other cases). (*See* ECF 67-1 at ¶ 53). But the Court finds $375 per hour is reasonable in this District given counsel's experience and practice area. *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1200 (9th Cir. 2013) ("the court must compute the fee award using an hourly rate that is based on the prevailing market in the relevant community.") (internal quotation marks and citation omitted); *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 908 (9th Cir. 1995); *Williams v. Cnty. of San Diego*, 2021 U.S. Dist. LEXIS 153979, at *19 (S.D. Cal. 2021) ($245 per hour was reasonable for counsel that had about seven years of experience as a civil defense attorney, specializing in defending against civil rights actions). The Court will therefore use that rate.[4]

### *Reasonable Hours*

The Court should ordinarily defer to counsel's professional judgment as to how much time was required for a matter. *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1111 (9th Cir. 2014). But "a reduction in hours is appropriate if the court reasonably concludes that preparation . . . demanded" less time. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 950 (9th Cir. 2007) (internal quotation marks and citation omitted).

Defendants' counsel spent 1.5 hours to review Plaintiff's motion and declaration. (ECF 67). And he spent 10.4 hours to draft the opposition. *Id*. That amount is excessive. Plaintiff's motion raised serious allegations. Yet, per Defendants, it was "groundless." *Id*. There were no complicated or novel legal issues. In fact, the opposition contained almost no legal analysis. The papers instead were mostly factual summaries about the interactions between counsel. Based on that, the Court finds 1 hour is reasonable to review Plaintiff's filings and 3 hours is reasonable to draft the opposition.

---

[4] This Order does not prevent Defendants from arguing in subsequent motions that a reasonable rate is more than $375 an hour. The Court's decision is based on the limited record submitted with the objection. (*See* ECF 67).

Defendants' counsel also spent almost an hour compiling the exhibits for the opposition. That is reasonable given the number of exhibits. But that was more clerical in nature. Defendants failed to support that request (including a reasonable rate for the work). The Court will therefore not include those fees in the award. Overall, the Court finds it is appropriate to award Defendants $1,500.00 (4 hours at $375 per hour).[5]

The order as it relates to Defendants' request under Rule 37(a) was contrary to law. Their objection is sustained. The order is modified as set forth above. The Court sanctions Mr. Genaro Lara **$1,500.00** and orders him to pay Defendants in full **no later than November 1, 2021**.

**IT IS SO ORDERED**.

Dated: October 1, 2021

_____
Hon. M. James Lorenz
United States District Judge

---

[5] No other reduction or enhancement under *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975), is appropriate.