UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE BARAJAS CENTENO,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF CARLSBAD, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 3:19-cv-2098-L-DEB<br><br>**ORDER ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER (ECF 182)** |

Pending before the Court is Plaintiff's motion for a temporary restraining order. (ECF 182).

The purpose of a temporary restraining order is to preserve the status quo until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). A plaintiff "must establish that [they are] likely to succeed on the merits, that [they are] likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

Plaintiff filed the motion on behalf of himself and a non-party, Jean Wortham.[1] The motion concerns allegations that Carlsbad police officers engaged in unlawful

---

[1] Plaintiff asks the Court to appoint him as Jean Wortham's guardian ad litem under Federal Rule of Civil Procedure 17(c). The Court has no jurisdiction to grant such a

1

conduct sometime in 2021 and that Carlsbad's Police Department violated the Americans with Disabilities Act because there were no employees fluent in Spanish to assist non-English speakers in recovering personal property confiscated during police incidents.

The relief sought is unrelated to the claims in this action and involves non-parties. For these reasons, the Court finds it lacks jurisdiction. Fed. R. Civ. P. 65; *see, e.g., De Beers Consol. Mines, Ltd. v. United States*, 325 U.S. 212, 220 (1945) ("A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally. The injunction in question is not of this character. It is not an injunction in the cause, and it deals with a matter lying wholly outside the issues in the suit."); *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."); *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("A court's equitable power lies only over the merits of the case or controversy before it. When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.") The motion is therefore **DENIED**.[2] **IT IS SO ORDERED**.

Dated:  January 24, 2022

_____
Hon. M. James Lorenz
United States District Judge

---

request. Jean Wortham is not a party to this case. The Court therefore **DENIES** the petition.

[2] Regardless, Plaintiff also fails to show he is likely to suffer irreparable harm. The first alleged police incident occurred on July 16, 2021, and the last incident occurred on December 16, 2021. Yet, he did not seek relief until now. *See Oakland Tribune, Inc. v. Chronicle Pub. Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985) ("plaintiff's long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm.)