UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS BARAJAS CENTENO,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CARLSBAD; JORDAN WALKER; and DOES 1 through 10,<br><br>Defendants. | Case No.: 19-CV-2098-GPC<br><br>**ORDER DENYING MOTION TO STRIKE PLAINTIFF'S DEPOSITION TRANSCRIPTS**<br><br>**[ECF No. 187]** |

On February 22, 2022, Plaintiff filed a motion to strike and set aside transcripts of Plaintiff's deposition, styled as a "motion for sanctions or violations of ADA, Title II." ECF No. 187. The parties have fully briefed the matter. ECF Nos. 193, 194. The Court finds this matter suitable for disposition on the papers and therefore VACATES the hearing previously set for April 8, 2022.

### I.  BACKGROUND

The underlying case is a § 1983 and *Monell* civil rights action alleging that Defendants the City of Carlsbad ("the City") and Officer Jordan Walker ("Walker) (collectively, "Defendants") deprived Plaintiff of his civil rights through alleged unlawful and excessive use of force during Plaintiff's arrest and detention. ECF No. 1-2 at 2-3. The

1

instant matter arose out of Plaintiff's deposition as part of the preparation in the underlying case. Defendants noticed Plaintiff's deposition for July 22, 2020. ECF No. 187 at 2. Plaintiff's counsel, Genaro Lara ("Lara"), sent a letter requesting the presence of a Spanish language interpreter and requiring that counsel for the City, Daniel S. Modafferi ("Modafferi") provide Mr. Lara with hearing aid equipment at the deposition. ECF No. 193 at 2. Defendants state that after receiving Lara's letter by mail, Modafferi called Lara on the phone to discuss the requests. *Id.* Modafferi informed Lara that a Spanish language interpreter would be present, and that Lara was free to bring any assistive listening device he might need, but that the City was not obligated by the ADA to provide Lara with hearing equipment. *Id.* at 3. Defendants note that prior to taking Plaintiff's deposition, both counsel had appeared in person for the depositions of non-party witnesses on July 21, 2020, and that Lara wore his own hearing aids and did not raise any claims of ADA violations during those depositions. *Id.* On that same day, July 21, 2020, both counsel appeared on Zoom for a non-party witness deposition, where Lara wore his own hearing aids and did not raise any ADA or other hearing-related concerns. The parties met in person the next day, July 22, 2020 to take Plaintiff's deposition in the presence of, among others, a videographer, Spanish language interpreter, and counsel for both sides. ECF No. 187 at 3. At the beginning of the hearing, Plaintiff's counsel made an announcement on the record that he had a hearing problem and had requested that the City provide him a hearing aid, which the City had not done. *Id.*

Defendants describe that, during the deposition, the videographer offered Lara a set of headphones that would amplify the sound being recorded by each participant's lapel microphone. *Id.* Lara accepted the headphones and wore them throughout the deposition that day. *Id.* The deposition was continued for a second day on August 7, 2020. *Id.* at 4. Defendants note that Lara wore his own hearing aids to this second session of the

1  deposition, and that this time he did not request any additional hearing equipment or raise
2  any concerns. *Id.*

3  On May 7, 2021, Plaintiff filed a separate civil action in this District alleging that
4  Modafferi's failure to provide hearing aid equipment for Plaintiff's counsel violated
5  Plaintiff's rights under the ADA. *See* case no. 3:21-cv-01022-L-DEB. Judge Lorenz
6  granted a motion to dismiss the complaint in its entirety, without leave to amend, and
7  entered judgment in favor of Defendants on October 26, 2021. *See id.* ECF No. 17. Judge
8  Lorenz reasoned that there was no basis to support Plaintiff's allegations of a Title II
9  ADA violation, or any other civil rights violation, because Plaintiff's allegations were
10 solely based on Lara's disability, and Plaintiff had failed to allege that *Plaintiff* was
11 denied any benefit or service based on his own disability. *Id.* ECF No. 16 at 3. Judge
12 Lorenz also found that a public entity's participation in a deposition through counsel was
13 not a plausible "service, program, or activity" to which the strictures of the ADA would
14 apply. *Id.* Therefore, amendment would be futile and the case was dismissed with
15 prejudice. Plaintiff filed an appeal, now pending, with the Ninth Circuit. *Id.* ECF No. 21.

16 Plaintiff now comes before this Court arguing that the depositions of Plaintiff,
17 taken on July 22 and August 7, 2020, should be stricken because they were created "in
18 violation of plaintiff's counsel's rights to assistive hearing devices." ECF No. 187 at 5.
19 Plaintiff also requests attorney's fees and that Defendants be ordered to pay the costs of
20 the transcripts. *Id.* Furthermore, Plaintiff attempted to raise and litigate a related issue in
21 his Opposition to Defendant's Motion to Disqualify Counsel, ECF No. 192 at 6. Plaintiff
22 argues that Modafferi tampered with evidence by convincing the court reporter at the July
23 22, 2020 deposition, Lori Turner, to write a declaration stating that Defendants and
24 Turner did not mock Plaintiff's counsel during the deposition. *Id.* at 12. Though not
25 entirely clear, Plaintiff's argument seems to be that Turner is an "expert witness" and
26 therefore, when Modafferi contacted Turner to obtain her declaration, he tampered with

an expert witness. *Id.* at 13. Defendants argue that the motion to strike the transcripts should not be granted because (1) the issue has been fully adjudicated by Judge Lorenz, since the same facts formed the basis of the related civil case in which Judge Lorenz dismissed the complaint with prejudice; and (2) even if the Court had not adjudicated these issues, striking the transcripts of Plaintiff's deposition would not be an appropriate remedy because the parties have litigated for two years following the deposition, and both sides relied on Plaintiff's deposition testimony in their cross-motions for summary judgment. ECF No. 193 at 3.

## II. DISCUSSION

### A. Whether to "Strike" Depositions From the Record

"The district court is given broad discretion in supervising the pretrial phase of litigation." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). Plaintiff does not invoke any specific Federal Rule of Evidence or Civil Procedure upon which to base his motion to "strike" the depositions at issue from the record. Instead, Plaintiff proceeds solely by citing the ADA, which forbids public entities from denying persons with disabilities the ability to participate in, or receive the benefits of, any services, programs, or activities of the public entity on account of the disability. *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).

Plaintiff's motion before this Court suffers from the same fatal defects as the related civil case which Judge Lorenz ultimately dismissed in its entirety. First, Plaintiff does not explain how Defendants' purported failure to provide Lara, Plaintiff's *counsel*, with hearing equipment constitutes a violation of *Plaintiff's* rights under the ADA. Plaintiff's Reply brief cites to cases "in support of plaintiff's rights" which are inapposite, as they deal with situations in which the *plaintiff himself* was disabled or directly harmed by the disability. ECF No. 194 at 3. Here, Plaintiff does not claim to have been harmed by the lack of hearing aids provided to Lara, nor does Plaintiff himself allege any

disability upon which an ADA violation might be premised. Plaintiff also fails to address Judge Lorenz's conclusion that a deposition in a civil case in which a public entity is a defendant does *not* constitute a service, program, or activity of the public entity under Title II of the ADA. *See* case no. 3:21-cv-01022-L-DEB , ECF No. 16 at 3. In addition, Plaintiff fails to explain to this Court why Judge Lorenz's ruling should be disturbed or why, even if the related case is currently pending appeal, this Court has the authority to rule differently, or at all, on an issue that has already been adjudicated and is now before the Ninth Circuit on appeal. *See Performance Plus Fund, Ltd. v. Winfield & Co., Inc.*, 443 F. Supp. 1188, 1190 (N.D. Cal. 1977) (gathering cases and noting that federal courts consider a final judgment in the district court final for purposes of res judicata even where an appeal may be pending).

Second, Plaintiff does not argue that there has been any prejudice to the parties resulting from the lack of provided hearing aids, where Plaintiff's counsel had hearing aids of his own and was able to review the transcripts of the deposition in their entirety. Plaintiff does not argue that the transcripts were inaccurate or that the court reporter who transcribed them could not herself hear the deposition questions and answers accurately. Indeed, Plaintiff relied on and cited to the depositions in his Motion for Summary Judgment without raising any issues or concerns about their accuracy. *See* ECF No. 158 at 57 (Ex. H to Plaintiff's Motion for Summary Judgment). As Defendants point out, it would make little sense to strike the depositions from the record at this point in the litigation, even assuming that Plaintiff can make out a cognizable argument relating to them, given that the parties have relied on them without incident and have continued litigating since the depositions were taken two years ago. Therefore, given that Plaintiff has provided no valid reason to consider striking the depositions and no legible argument that Plaintiff was harmed in contravention of the ADA, Plaintiff's Motion to Strike Plaintiff's Deposition Transcripts is HEREBY DENIED.

### B. Allegations of Witness Tampering Relating to Court Reporter Lori S. Turner

Plaintiff's allegations regarding these depositions bleed into his briefing relating to a different matter: Defendant's Motion to Disqualify Counsel, which the Court has addressed in a separate Order. However, since the allegations contained in Plaintiff's opposition briefing to the Motion to Disqualify (ECF No. 194) share a factual nexus with the instant motion, the Court will briefly address Plaintiff's argument and requests.

In short, Plaintiff's counsel alleges that Plaintiff came to his office on July 23, 2020, the day after the first day of Plaintiff's deposition, "quite agitated and angry," and told Plaintiff's counsel that Modafferi had been pointing at Lara during the deposition. ECF No. 192 at 9. Plaintiff's counsel goes on to claim that "Modafferi, the court reporter and the interpreter were exchanging signs with each other, and appeared to be laughing." *Id.* Plaintiff and Plaintiff's counsel interpreted this to mean that defense counsel, the court reporter, and the interpreter were mocking Lara for his hearing disability during the deposition. *Id.* Plaintiff then takes issue with a declaration (what Plaintiff terms "the letter dated October 6, 2020") written by Lori S. Turner which Defendant submitted in relation to Plaintiff's motion for sanctions, ECF No. 66. In the declaration, Turner testifies that she did not observe any mockery of Lara or anyone else in the deposition, did not engage in mocking or making fun of Lara in any way, and did not observe the interpreter or Modafferi mocking Lara either. ECF No. 67-2 at 1. Magistrate Judge Daniel Butcher denied Plaintiff's motion for sanctions without remarking on or citing to Turner's declaration. ECF No. 130.

Plaintiff now alleges that because Modafferi submitted this declaration from Turner to the Court, Modafferi engaged in witness tampering "to obtain a tampered, biased, unethical document from the court officer. The corrupted document was submitted to the magistrate and the judgment obtained was therefore invalid, void, and of

no legal effect." ECF No. 192 at 13. Beyond these pronouncements, however, Plaintiff offers no legal authority in support of his conclusion that there was anything improper about the declaration. Plaintiff cites to *Erickson v. Newmar Corp.*, 87 F.3d 298 (9th Cir. 1996) for the proposition that if Modafferi contacted Turner to write this declaration, such contact was illegal witness tampering. *Erickson*, however, is distinguishable and offers no support to Plaintiff's conclusion. In *Erickson*, defense counsel approached plaintiff's expert witness ex parte and out of plaintiff's counsel's presence in order to hire the witness for another case, thus circumventing discovery rules because defense counsel "achieved unsupervised access to plaintiff's expert." *Erickson*, 87 F.3d at 302. This had a prejudicial effect on plaintiff's counsel's ability to present his case because he could no longer use the same expert witness, there were no other available expert witnesses in the state, and thus plaintiff in *Erickson* was deprived of a fair trial. *Id.* at 303. *Erickson* is therefore quite different from the present case. To begin, Turner is not an expert witness in the case. Plaintiff does not suggest that he would rely on her expertise or call on her at trial, nor has she been designated as an expert witness by either party. In addition, the prejudicial effect in *Erickson* stemmed largely from the fact that the expert witness in question was the only available expert in the state, a context that is clearly inapplicable here. Furthermore, there is nothing to suggest that Modafferi or anyone else paid Turner or approached her in an inappropriate manner whatsoever. As a neutral party and a functionary of the court system, Turner is entitled to submit a declaration in support of the facts and context underlying the deposition should she so wish. The fact that Plaintiff's counsel does not agree with the substance of the declaration is not a grounds for awarding sanctions or any of the other relief Plaintiff requests. Therefore, to the extent that Plaintiff or his counsel request relief based on allegations of witness tampering involving court reporter Lori S. Turner, those requests are HEREBY DENIED.

## III.  CONCLUSION

The Court HEREBY DENIES Plaintiff's Motion to Strike Plaintiff's Transcripts. The Court also DENIES Plaintiff's requests for relief based on alleged witness tampering involving the declaration of court reporter Lori S. Turner.

**IT IS SO ORDERED.**

Dated:  April 6, 2022

Hon. Gonzalo P. Curiel
United States District Judge