1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JOSE LUIS BARAJAS CENTENO,

Plaintiff,

v.

CITY OF CARLSBAD; JORDAN WALKER; and DOES 1 through 10,

Defendants.

Case No.:  19-cv-2098-GPC

**ORDER DENYING MOTION FOR RECONSIDERATION OF ECF NO. 200**

**[ECF No. 206]**

On April 21, 2022, Plaintiff filed a Motion for Reconsideration of ECF No. 200, styled as a "Motion to Reopen Order Denying Striking Transcript July 22: 2020: Newly Discovered Evidence." ECF No. 206. Defendants responded in opposition. ECF No. 209. The Court finds this matter suitable for disposition on the papers and therefore VACATES the hearing previously set for May 20, 2022.

## I.    BACKGROUND

The underlying case is a § 1983 and *Monell* civil rights action alleging that Defendants the City of Carlsbad ("the City") and Officer Jordan Walker ("Walker") (collectively, "Defendants") deprived Plaintiff Jose Luis Barajas Centeno ("Plaintiff") of his civil rights through alleged unlawful and excessive use of force during Plaintiff's

1

1 arrest and detention. ECF No. 1-2 at 2-3. On July 22, 2020, Defendants noticed Plaintiff's

2 deposition. ECF No. 187 at 2. Plaintiff's counsel, Genaro Lara ("Lara") requested that the

3 City provide hearing aid equipment at the deposition. ECF No. 193 at 2. Counsel for the

4 City, Daniel Modafferi ("Modafferi") informed Lara that the City was not obligated to

5 provide these hearing aids under the ADA, and did not provide any at the deposition. *Id.*

6 On May 7, 2021, Plaintiff filed a separate civil action in this District alleging that

7 Modafferi's failure to provide hearing aid equipment for Plaintiff's counsel at the

8 deposition constituted a violation of Plaintiff's rights under the ADA. *See Centeno v. City*

9 *of Carlsbad*, no. 3:21-cv-01022-L-DEB, 2021 WL 4974852, at *1 (S.D. Cal. Oct. 26,

10 2021). Judge Lorenz found in favor of Defendants and dismissed the action in its entirety

11 without leave to amend. *Id.* at *4.

12   Plaintiff then filed a motion before this Court to strike the deposition transcript

13 based on the alleged ADA violation. ECF No. 187. In his opposition to a separate motion

14 before this Court, Plaintiff also accused opposing counsel and the court reporter present

15 at the deposition, Lori S. Turner ("Turner"), of mocking Plaintiff's counsel's hearing

16 disability. ECF No. 192 at 9 (Plaintiff's Opp. to Motion to Disqualify Counsel). Plaintiff

17 took issue with a declaration submitted by Turner stating that she did not observe any

18 mocking during the deposition. ECF No. 192 at 17 (Ex. A).

19   On April 6, 2022, this Court denied Plaintiff's Motion to Strike Plaintiff's

20 Deposition Transcripts. ECF No. 200. Plaintiff then filed the instant "motion to reopen"

21 on April 21, 2022. ECF No. 206 ("Motion for Reconsideration"). Plaintiff's Motion for

22 Reconsideration includes a letter from the Court Reporters Board of California,

23 responding to a complaint by Plaintiff's counsel. *Id.* at 22. It also includes a citation

24 issued by the Court Reporters Board of California against Lori Turner for providing a

25 declaration to one party's attorney in violation of California Code of Civil Procedure

26 (CCP) 2025.320. *Id.* at 24. Plaintiff seeks again to strike the deposition transcripts, and

2

also prays for the following relief: that the Court admit the attached citation from the Court Reporters Board of California regarding Turner and take judicial notice of the basis upon which the citation was issued; that the "declaration of the judgments against plaintiff's counsel be declared null and void and that reasonable attorneys fees be awarded against defendants"; or in the alternative, that the Court grant leave to file a new civil rights action "based on defendants' law firm, and Lori S. Turner, for violation of Mail Fraud and or Wife [sic] Fraud and Fraud based on defendants' filing of fabricated evidence in the instatnt [sic] case . . ." ECF No. 206 at 15.

## II.   DISCUSSION

### A.   Legal Standard on a Motion for Reconsideration

Federal Rule of Civil Procedure ("Rule") 60 permits relief from a judgment or order under certain specified grounds. Fed. R. Civ. P. 60(b).[1] The moving party may be entitled to relief from a judgment or order on the following grounds: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment or order. *Amer. Ironworks & Erectors, Inc. v. N. Amer. Const. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001). Rule 60(b) is available only to set aside a prior judgment or order; courts may not use Rule 60(b) to grant affirmative relief in addition to the relief contained in the prior order or judgment.

---

[1] Plaintiff does not specify whether he brings his motion under Rule 59(e) or Rule 60(b). A motion for reconsideration is treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within ten days of entry of a judgment. Otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order. Since Plaintiff filed his motion more than ten days after the Court's Order in ECF No. 200, his motion is properly construed as a Rule 60(b) motion. *Amer. Ironworks & Erectors, Inc. v. N. Amer. Const. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001).

Rule 60(b)(2) allows a court to relieve a party from a final judgment, order, or proceeding due to "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). "Newly discovered evidence" is that which existed at the time of the judgment but was not discoverable with reasonable diligence. *Fantasyland Video, Inc. v. Cnty. of San Diego*, 505 F.3d 996, 1005 (9th Cir. 2007) (noting that evidence did not qualify as "newly discovered" because it simply did not exist at the time of the judgment). In sum, to prevail on a Rule 60(b)(2) motion "the movant must show the evidence (1) existed at the time of the trial, (2) could not have been discovered through due diligence, and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Mitchell v. City of Pittsburg*, 2011 WL 3877081, at *3 (N.D. Cal. Sept. 2, 2011) (quoting *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990)).

### B.   Plaintiff's Arguments

Though Plaintiff's motion is not a model of clarity, the Court attempts to parse the bases of reconsideration laid out therein.

#### 1.   Plaintiff's ADA Argument

First, Plaintiff takes issue with this Court's conclusion that the alleged ADA violation was not a sufficient, nor an appropriate, reason to strike the deposition transcript. In his initial motion to strike the deposition transcripts, Plaintiff argued that the deposition transcripts were defective because they had been produced in violation of the Americans with Disabilities Act ("ADA"). ECF No. 187 at 5. To support this, Plaintiff argued that Defendants had violated the ADA by failing to provide Plaintiff's *counsel* with hearing aids at the deposition. This Court concluded that Plaintiff had not shown how the failure to provide counsel with hearing aids was a violation of Plaintiff's own rights, or how Plaintiff was harmed by the alleged violation. The Court distinguished the cases to which Plaintiff cited as involving situations in which the plaintiff himself was

disabled or directly harmed by the disability. ECF No. 200 at 4. This Court also noted that the same issue had been raised in a related civil suit before Judge Lorenz, who dismissed the case and ruled that a deposition in a civil case in which a public entity is a defendant does not constitute a service, program, or activity of the public entity under Title II of the ADA. *Id.* at 5 ("In addition, Plaintiff fails to explain to this Court why Judge Lorenz's ruling should be disturbed or why . . . this Court has the authority to rule differently, or at all, on an issue that has already been adjudicated and is now before the Ninth Circuit on appeal.")

In the instant motion for reconsideration, Plaintiff argues that both Judge Lorenz and this Court erred—Judge Lorenz in concluding that Plaintiff lacks standing to bring an ADA claim based on an alleged violation of his counsel's rights, and this Court in concluding that the matter had already been adjudicated by Judge Lorenz, pending appeal before the Ninth Circuit. ECF No. 206 at 3. Plaintiff also argues that Judge Lorenz erred in ruling that conducting a deposition to defend itself in a lawsuit is not an "activity" or "service" under Title II of the ADA. *Centeno v. City of Carlsbad*, no. 3:21-cv-01022-L-DEB, 2021 WL 4974852, at *2 (S.D. Cal. Oct. 26, 2021). However, Plaintiff's disagreement with the outcome of this Court's ruling or with Judge Lorenz's interpretation of the ADA is not a cognizable ground supporting a grant of reconsideration under Rule 60(b). The Court does not agree that either order constitutes error. However, even if it were so, then Plaintiff's remedy as to Judge Lorenz's Order is, as Plaintiff himself states, before the Ninth Circuit. *See* ECF No. 206 at 5 ("This [the Ninth Circuit] is the forum wherein Honorable Judge J. Lorenz's rule [sic] of October 26, 2021 will either be affirmed or reversed.") As for this Court's Order, ECF No. 200, Plaintiff's disagreement with the Court's interpretation of the law is not a sufficient reason under Rule 60(b) to set aside that Order. *See Greenspon v. AIG Specialty Ins. Co.*, No. 18-cv-00448-DKW-WRP, 2020 WL 3513230, at *2 (D. Haw. June 29, 2020)

19-cv-2098-GPC

1    (motion for reconsideration denied because litigant's mere disagreement with the Court's

2    findings and conclusions does not support reconsideration under Rule 60(b)) (citing

3    *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)).

4                    **2.      Plaintiff's Argument Regarding Court Reporter Lori S. Turner**

5            It is the movant's burden to show that newly discovered evidence is of such

6    magnitude that it would have been likely to change the outcome of the order in question.

7    *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990). Plaintiff's new evidence is

8    a citation against Turner issued by the Court Reporters Board of California on March 29,

9    2022. ECF No. 206 at 21 (Ex. 1). Turner was cited for a violation of California Business

10   and Professions Code section 8025. *Id.* at 23. As a result, the Board of Court Reporters

11   assessed a civil penalty in the amount of $500 against Turner pursuant to the California

12   Code of Regulations and the California Code of Civil Procedure (CCP), section

13   2025.320(c). *Id.* at 24.

14           Plaintiff argues that this citation is evidence of collusion between Modafferi and

15   Turner, as well as evidence that Modafferi committed intentional fraud on the court by

16   the "filing of a bogus manufactured letter [declaration] . . . [which] constitutes fabrication

17   of false evidence." *Id.* at 12. Furthermore, Plaintiff argues that this intentional fraud was

18   intended to prejudice the Court against Plaintiff and Plaintiff's counsel. *Id.* at 13. On

19   these bases, Plaintiff requests that the transcript of Plaintiff's deposition be stricken.

20           The citation from the Board of Court Reporters is properly characterized as newly

21   discovered evidence under Rule 60(b)(2) because it was issued on March 29, 2022, and

22   thus existed at the time this Court issued its April 6, 2022 Order (ECF No. 200) for which

23   Plaintiff seeks reconsideration. The Court also accepts that it was not discoverable

24   through reasonable diligence, as the Board of Court Reporters did not notify Plaintiff's

25   counsel of their decision until April 11, 2022. However, in order to base relief under Rule

26   60(b)(2) on this piece of newly discovered evidence, Plaintiff must show that the

27

28

19-cv-2098-GPC

evidence was of such magnitude that production of it earlier would have been likely to change the disposition of the case. *Jones*, 921 F.2d at 878. Plaintiff has failed to do so.

Plaintiff has not offered any argument or legal authority for the idea that the CCP, upon which the citation is based, should govern federal proceedings before this Court. Although the citation is evidence that Turner's actions were improper under state law and regulations, it does not necessarily follow that Plaintiff's requested relief—striking the deposition transcript—is the appropriate response. Even if the Court were to accept that a citation under the CCP were somehow controlling in this Court, there is no argument from Plaintiff that bears on the accuracy or appropriateness of the transcript itself—and therefore nothing to suggest that, even if Plaintiff's accusations of collusion and fraud on the court with regard to the declaration were well-supported, striking the transcript due to an issue with the *declaration* is an appropriate remedy at this stage in the litigation, after the parties have relied on the deposition transcript without incident and have continued litigating since the depositions were taken two years ago. Nor does Plaintiff sufficiently argue (or argue at all) that the newly discovered evidence is of such magnitude that it would have been likely to change the outcome of the order in question, as required under Rule 60(b)(2). Absent an argument that the contents of the transcript itself are somehow unreliable, corrupted, or inaccurate, the Court finds no basis to order it stricken.

Though Plaintiff does not explicitly present an argument for reconsideration under Rule 60(b)(6) based on allegations that Modafferi perpetuated a fraud on the court, the Court will pause to address this potential argument as well. Rule 60(b)(6) is a catch-all provision which applies only when the reason for granting relief is not covered by any of the other bases set forth in Rule 60. *Delay*, 475 F.3d at 1044. The standard for a Rule 60(b)(6) motion is high, and such relief should be granted sparingly to avoid manifest injustice. *Riley v. Filson*, 933 F.3d 1068, 1071 (9th Cir. 2019). Acts of "fraud on the court" can sometimes constitute the extraordinary circumstances required to justify relief

19-cv-2098-GPC

under Rule 60(b)(6). *Latshaw v. Trainer Wortham & Co, Inc.*, 452 F.3d 1097, 1104 (9th Cir. 2006). However, "such fraud on the court embraces only that species of fraud which does or attempts to defile the court itself, or is a fraud perpetuated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases . . ." *Id.* (citing *Alexander v. Robertson*, 882 F.2d 421, 424 (9th Cir. 1989) (internal quotation marks omitted)). A plaintiff seeking relief from an order based on fraud on the court faces a high burden. *Id.* (finding that even where counsel forged a signature on a document filed with the court, this behavior fell "far short" of defiling the court itself). Even if the Court were to assume *arguendo* that Modafferi's submission of the declaration did constitute a fraud on the court, which the Court does not so find at this time, the Court does not conclude that this would constitute the extraordinary circumstances sufficient to justify relief under Rule 60(b)(6).

## III.  CONCLUSION

Having considered Plaintiff's arguments in full, the Court HEREBY DENIES Plaintiff's motion for reconsideration. The Court also DENIES all other requested relief in Plaintiff's motion for reconsideration.

**IT IS SO ORDERED.**

Dated:  May 13, 2022

Hon. Gonzalo P. Curiel
United States District Judge

8

19-cv-2098-GPC