UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS BARAJAS CENTENO,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF CARLSBAD; JORDAN WALKER; and DOES 1 through 10,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:19-cv-02098-RSH-DEB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>[ECF No. 266] |

On May 2, 2023, Plaintiff filed a motion to sanction defense counsel under Federal Rule of Civil Procedure 11. ECF No. 266.[1] For the reasons below, the Court denies the motion.

**I.      Legal Standard**

Under Federal Rule of Civil Procedure 11, an attorney who signs a pleading, written motion, or other paper filed with the Court certifies that to the best of the attorney's knowledge, information, and belief, formed after an reasonable inquiry under the circumstances: (1) the filing is not being presented for any improper purpose, such as to

---

[1]   All citations to electronic case filing ("ECF") entries refer to the ECF-generated page numbers.

harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument the law should be changed; (3) any factual contentions have (or will have after discovery) evidentiary support; and (4) any denials of factual contentions are warranted on evidence or a lack of information. Fed. R. Civ. P. 11(b).

Rule 11 "provides strict procedural requirements for parties to follow when they move for sanctions under Rule 11." *Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772, 788 (9th Cir. 2001). Specifically:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Fed. R. Civ. P. 11(c)(2).

"If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). "If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2).

**II.     Analysis**

Plaintiff filed his motion for sanctions on May 2, 2023. ECF No. 266. Plaintiff argues defense counsel violated Rule 11 by filing an objection [ECF No. 238] claiming that Plaintiff "never served pretrial disclosures" because the objection was "filed in bad f[ai]th, merely to harass plaintiff, and to add public expenses at the taxpayers' deep pockets without any legitimate reason but to harass plaintiff's counsel." ECF No. 266 at 4. Defendant responded on May 3, 2023. ECF No. 267.

1    Plaintiff's motion does not comply with Rule 11's clear procedural requirements. A
2    motion for sanctions "must be served under Rule 5, but it must not be filed or be presented
3    to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or
4    appropriately corrected within 21 days after service or within another time the court sets."
5    Fed. R. Civ. P. 11(c)(2). The 21-day safe harbor provision in Rule 11 is "mandatory."
6    *Radcliffe*, 254 F.3d at 789 (9th Cir. 2001) (finding trial court abused its discretion by not
7    complying with Rule 11's 21-day safe harbor) (citing *Barber v. Miller*, 146 F.3d 707, 710-
8    11 (9th Cir. 1998)). Here, Plaintiff did not serve his motion for sanctions on Defendant
9    prior to filing. *See* ECF No. 267 at 3; *see also* ECF No. 266 at 12-14. Therefore, the Court
10   denies Plaintiff's motion. *See Williams v. Navarro*, No. 3:18-cv-1318-DMS-RBM, 2020
11   WL 6826421, at *4 (S.D. Cal. Nov. 19, 2020) (denying motion for Rule 11 sanctions
12   because "there is no evidence Plaintiff actually served the Motion for Sanctions on
13   Defendants and gave them twenty-one days to withdraw or correct any alleged defect in
14   their motion to dismiss briefing, as required by Rule 11's safe harbor provision."). 
15   Plaintiff's Rule 11 motion was not warranted by existing law, or by a non-frivolous
16   argument that the requirements of Rule 11 should be changed.

17   Plaintiff's motion, filed less than two weeks before trial, also fails to comply with
18   the requirements of Local Civil Rule 7.1 and the undersigned's Chambers Civil Procedures
19   § III(B) for setting a hearing date; and fails to comply with the Chambers Civil Procedures
20   § III(A) requirement of a conference of counsel prior to filing a noticed motion. In addition
21   to failing to provide notice of a hearing date that would establish the due date for an
22   opposition brief, Plaintiff improperly e-filed his Rule 11 motion as an "*ex parte* motion."
23   ECF No. 266. Defendant then filed an opposition the following day. ECF No. 267.
24   Defendant was entitled to a full opportunity to respond to Plaintiff's Rule 11 motion, and
25   should not have been forced to guess whether Plaintiff was (improperly) filing a noticed
26   motion without a hearing date or was instead (improperly) seeking *ex parte* relief in a
27   manner requiring an immediate response. The Court takes this opportunity once again to
28

advise Plaintiff that he must comply with the Local Civil Rules of this Court as well as the applicable Chambers Civil Procedures.

On a motion for sanctions, "the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2). Here, Plaintiff's filing of a Rule 11 motion while failing to comply with the clear requirements for such a motion warrants an award to Defendant, as the prevailing party, of Defendant's reasonable expenses incurred in filing a next-day opposition to the motion. To the extent Defendant seeks recovery of such expenses, Defendant must file a request with a supporting affidavit.

### III.   Conclusion

For the reasons above, the Court **DENIES** Plaintiff's motion for sanctions, ECF No. 266. Defendant shall file any request for reasonable expenses by May 15, 2023, and Plaintiff shall file any response to Defendant's request by May 22, 2023.

**SO ORDERED**.

Dated:  May 8, 2023

*Robert S. Huie*
_____
Hon. Robert S. Huie
United States District Judge